IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK J. CAPOZZI, | : | Case No. 4:08-CV-219 |
| Plaintiff, | : | (Judge Jones) |
| v. | : | (Magistrate Judge Smyser) |
| NORTHAMPTON COUNTY DOC, et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

**March 18, 2008**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before this Court is a Report and Recommendation ("the Report") issued by United States Magistrate Judge J. Andrew Smyser ("Magistrate Judge Smyser" or "Magistrate Judge") on February 6, 2008. (Rec. Doc. 4). For the reasons that follow, we will adopt the learned Magistrate Judge's Report in its entirety.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY:**

On February 4, 2008, Plaintiff Frank J. Capozzi ("Plaintiff" or "Capozzi") commenced this action by filing a pro se Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Rec. Doc. 1). The original Complaint names as Defendants: 1)

1

"Northampton County DOC" (doc. 1 at 2); 2) Todd Buskirk, Director of Corrections at Northampton County Prison; and 3) PrimeCare America, Inc., a medical provider at Northampton County Prison.[1] In summary, Plaintiff alleges that while incarcerated at the Northampton County Prison, and because the Prison placed him in jeopardy, he was attacked by another inmate. He also contends that after the attack, PrimeCare America, Inc., failed to afford him appropriate medical care.

On February 6, 2008, the Magistrate Judge issued a Report recommending that this action be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a). (Rec. Doc. 4). Objections to Magistrate Judge Smyser's Report were due by February 25, 2008, and to date, none have been filed. Thus, this matter is ripe for disposition.

---

[1] On March 11, 2008, Plaintiff filed a one-page submission entitled "Amendment to Original Complaint," wherein he attempts to substitute "PrimeCare Medical, Inc." for Defendant PrimeCare America, Inc., and to add two additional Defendants: Dr. Sprague, "attending physician-employee of PrimeCare Medical," and Todd Haskins, Northampton County Healthcare Solutions Director. (See Rec. Doc. 9 at 1). Because none of these changes would appear to alter our conclusion that venue is proper is the United States District Court for the Eastern District of Pennsylvania, the Magistrate Judge's Report will be adopted. Moreover, because we are transferring this action, we note only that: 1) Plaintiff's attempt to amend his Complaint in this action is procedurally deficient; and 2) should Plaintiff wish to amend his Complaint following our transfer of this action, he would be well-advised to first consult and follow Rules 8 and 15 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8, 15.

## STANDARD OF REVIEW:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

## DISCUSSION:

Our review of this case confirms the Magistrate Judge's determinations, and although we have not been presented with any reason to revisit them, we will briefly reiterate the salient aspects of the Magistrate Judge's Report.

As the Magistrate Judge explains, 28 U.S.C. § 1391(b) governs venue in federal question cases, such as this one. It provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

3

28 U.S.C. § 1391(b). As the Northampton County Prison is located in the Eastern District of Pennsylvania, and as all events relevant hereto appear to have occurred therein, we agree with Magistrate Judge Smyser's conclusion that venue is proper in the Eastern District of Pennsylvania, rather than this one.

Accordingly, we will adopt the Magistrate Judge's Report (doc. 4) as our own and transfer this action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

An appropriate Order closing this action shall issue on today's date.